# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0915
Lower Tribunal No. 22-21438-CA-01
_____

**Gary Nader, et al.,**
Appellants,

vs.

**AIM Recovery Services, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

David J. Winker, P.A., and David J. Winker, for appellants.

Stok Kon + Braverman, and Yosef Kudan and Robert A. Stok (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and SCALES, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Hardison v. Bank of N.Y. Mellon, 399 So. 3d 1173, 1174 (Fla. 3d DCA 2024) ("[The appellants] did not challenge the failure of the trial court to make the required findings in their motion for rehearing. Because [the appellants] failed to do so, this issue is not preserved for appellate review, and we are compelled to affirm."); Gervas v. Gazul Producciones SL Unipersonal, 358 So. 3d 1257, 1259 n.3 (Fla. 3d DCA 2023) ("Under the new summary judgment standard, a movant who bears the burden of persuasion at trial has the initial burden of demonstrating the absence of a genuine issue of material fact and must produce evidence sufficient to result in a directed verdict at trial. Once this initial burden is met, the party opposing the summary judgment motion must then provide evidence showing that there exists a genuine issue of material fact.") (citation omitted); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1133 n.2 (Fla. 3d DCA 2023) ("[T]o the extent that [the defendants] relied on an affirmative defense to [the plaintiff's] claim, [the defendants] bore the burden of showing that the affirmative defense was applicable and, therefore, precluded entry of summary judgment.").